## Misto Estate

*Louis G. Feldman,* for petitioners.

*George I. Puhak,* contra.

SELECKY, P. J., February 18, 1960.—Margaret R. Petrusky and Mary Kalanevich, administratrices d. b. n. c. t. a. of the estate of Stephen (Stefan) Misto,

deceased, presented a petition to review the confirmation of the first and partial account of Susan R. Misto, executrix of the estate of Stephen (Stefan) Misto, deceased, and the audit thereon.

On April 30, 1959, this court allowed such a review and set this matter down for hearing and the taking of testimony on May 6, 1959, at which time hearing was continued to May 21, 1959, at which time conference was held with counsel for all parties and it was agreed that George I. Puhak, Esq., would have his client, Stephen P. Misto, coexecutor of the estate of Susan R. Misto, deceased, state a second and partial account in the estate of Stephen (Stefan) Misto, deceased, as coexecutor of the estate of Susan R. Misto, deceased, who was, in her lifetime, executrix of the estate of Stephen (Stefan) Misto, deceased.

On May 26, 1959, Stephen R. Misto, as such coexecutor of the estate of Susan R. Misto, deceased, filed a second and partial account in the estate of Stephen (Stefan) Misto, deceased, which was advertised for confirmation and audit on September 1, 1959. On June 23, 1959, objections to the second and partial account were filed. At a subsequent conference on objections it was agreed by counsel for all parties in interest that the court determine whether or not Susan R. Misto, as executor and trustee under the will of Stephen (Stefan) Misto, deceased, had the right to execute a certain deed conveying real estate consisting of a half of a double dwelling known as 129 Ridge Street, Freeland, to Stephen P. Misto and Eleanor Misto, his wife, under certain trust terms, and that said parties would abide by the court's decision as though it were in the nature of a declaratory judgment.

Decedent, Stephen (Stefan) Misto, died testate on July 25, 1947, and in his will he provided as follows:

"ITEM I. I direct that all my just debts and funeral expenses be paid as soon as conveniently may be

after my decease by my executrix from my personal property and the balance of the personal property to be properly invested and to pay the net income for the support of my two children, Michael Misto and Helen Misto.

"ITEM II. I order and direct my executrix hereinafter named not to sell my real estate situate at 129-131 Ridge Street, Freeland, Pennsylvania, for and during the term of the life or lives of my two children, viz.;—Michael Misto and Helen Misto, and they to occupy my home, situate at 129 Ridge Street, Freeland, Pennsylvania, during the term of their lives without the payment of any rental; and I direct my executrix hereinafter named to collect any and all rentals accruing from my property situate at 131 Ridge Street, Freeland, Pa., and to use and apply the same to the payment of all taxes, water rents, insurance premiums, pertaining to my aforesaid real estate and to make and pay for any and all necessary repairs to the same; and if there be any balance remaining after the aforesaid payments, the said remaining balance shall be used for the maintenance and support of my two children, Michael Misto and Helen Misto; and I further order and direct that upon the death of Michael and Helen, my executrix hereinafter named shall sell my real estate as soon as convenient for a purchase price or prices and upon such terms as to her shall seem most advantageous and to convey the same to the purchaser or purchasers thereof by good and sufficient deed or deeds in fee simple and after the sale of the said property the balance remaining to be divided amongst my children who may survive me at the time of my death.

"ITEM III. It is my desire and I direct that any of my daughters who may occupy my premises situate at 129 Ridge Street, Freeland, Pa., and who will care for my two children, Michael Misto and Helen Misto, shall occupy the said premises situate at 129 Ridge

Street, Freeland, Pa., as her home, free from all rentals during the occupancy and during the time that she cares for my said two children, Michael Misto and Helen Misto..

"ITEM IV. It is my desire and I hereby direct that the care, custody and proper maintenance of my two children, who are invalids, viz.;—Michael Misto and Helen Misto, is herein and hereby committed to my three (3) daughters, Mary Misto Kalenevitch, Anna Misto Gimmer and Susan R. Misto. Each of my daughters shall share an equal burden in the proper care, custody and maintenance of Michael and Helen. My three daughters who are named as guardians are to serve without bond. Of course, the maintenance, support and care of Helen and Michael to come from the income received from my property situate at 129-131 Ridge Street, Freeland, Pennsylvania.

"In case of the death of any of my three daughters who are hereinabove designated as guardians for my two invalid children, the survivors shall assume the full burden and duty of maintaining and providing for the two children, under the same terms and conditions as hereinabove outlined.

"ITEM V. I hereby authorize and empower my hereinafter named executrix to make whatever permanent improvements or repairs are necessary to my said real estate and to mortgage or encumber the said property if need be. In case of necessity I hereby authorize and empower my hereinafter named executrix to sell and dispose of said real estate when in her best judgment the same is required and needed and to give to the grantee a good and sufficient deed in fee simple therefor without the necessity on the part of my executrix or the grantee of said property to account for the proceeds of the said sale; provided of course, my invalid children hereinabove referred to are adequately provided for.

"ITEM VI. All the rest, residue and remainder of my personal estate after the death of my son, Michael Misto, and my daughter, Helen Misto, I give and bequeath unto my following named children, Mary Misto Kalenevitch, Anna Misto Gimmer, John Misto, Susan R. Misto, George Misto, Stephen Misto and Margaret Misto Petrosky, in equal shares. . . ."

Susan R. Misto, as executrix of the estate of Stephen (Stefan) Misto, deceased, executed a deed, dated April 14, 1955, recorded in the office of the Recorder of Deeds in and for Luzerne County Deed Book 1270, p. 583, conveying to Stephen P. Misto and Eleanor Misto, his wife, property known as 129 Ridge Street, Freeland, which provides:

"This Indenture, Made the *14th* day of APRIL, A.D. 1955, Between: *SUSAN R. MISTO, Executrix of the Last Will and Testament of Stephen (Stefan) Misto, deceased,* of Freeland, Luzerne County, Pennsylvania, GRANTOR and SETTLOR;

and

*STEPHEN P. MISTO* and *ELEANOR MISTO,* his wife, of Hazleton, Luzerne County, Pennsylvania, GRANTEES and TRUSTEES;

"WHEREAS, under the terms of the Last Will and Testament of Stephen (Stefan) Misto, who died July 25, 1947, and whose will was probated August 11, 1947, in the Orphans' Court of Luzerne County, Pennsylvania, to No. 1123 of 1947, certain provision is to be made for Michael Misto and Helen Misto, children of the said Stephen Misto; and

"WHEREAS, Item II of the said Will provides that the said children are to occupy premises at 129 Ridge Street, Freeland, Foster Township, Luzerne County, Pennsylvania, rent free, during the term of their lives; and

"WHEREAS, by Item V of the said Will, the executrix is authorized and empowered to sell and dispose

of real estate at 129-131 Ridge Street, Freeland, Foster Township, Luzerne County, Pennsylvania, when, in her judgment, it is necessary to provide for the welfare of the said Michael Misto and Helen Misto; and

"WHEREAS, Susan R. Misto, daughter of the said Stephen Misto and executrix of his Last Will and Testament, in the exercise of her judgment, believes that the conveyance of the premises at 129 Ridge Street, Freeland, Foster Township, Luzerne County, Pennsylvania, to Stephen P. Misto, son of the said Stephen Misto, deceased, and brother of the said Michael Misto and Helen Misto, will result in benefit to the said Michael Misto and Helen Misto, and the carrying out of the intentions of the said decedent, Stephen Misto, as expressed in his Last Will and Testament;

"NOW, THIS INDENTURE WITNESSETH, That the said Susan R. Misto, Executrix of the Last Will and Testament of Stephen Misto, deceased, for and in consideration of the sum of One ($1.00) Dollar, lawful money of the United States, to her in hand paid by the said Stephen P. Misto, at and before the ensealing and delivery thereof, the receipt whereof is hereby acknowledged, hereby grants and conveys to Stephen P. Misto and Eleanor Misto, his wife, their heirs and assigns, (certain described real estate)

"IN TRUST, NEVERTHELESS, for the following uses and purposes and provided, however, that the grantor, executrix and settlor herein, Susan R. Misto, reserves the right to revoke or amend this trust in whole or in part at any time and from time to time during the lifetime of Michael Misto and Helen Misto, or the survivor of them:

"1. To hold the above-described real estate at 129 Ridge Street, Freeland, Foster Township, Luzerne County, Pennsylvania, for the benefit of Michael Misto and Helen Misto, and to provide a home for them so long as either shall live.

"2. The said Trustees, Stephen P. Misto and Eleanor Misto, his wife, or the survivor of them, shall occupy the said premises at 129 Ridge Street and shall provide and afford room in said premises and board to Michael Misto and Helen Misto and shall care for and provide for their welfare so long as either Michael Misto or Helen Misto shall live.

"3. The Trustees or the survivor of them shall pay all expenses of the premises at 129 Ridge Street, including taxes, fire insurance of not less than $5,000.00, water rent, and any other expenses and also all expenses of caring for and maintaining the said Michael Misto and Helen Misto.

"4. The trust shall terminate on the death of the survivor of Michael Misto and Helen Misto, unless terminated prior to that time by the said Susan R. Misto, Grantor and Settlor; and the entire fee simple title to the premises at 129 Ridge Street, Freeland, Foster Township, Pennsylvania, as hereinabove described, shall vest absolutely in Stephen P. Misto and Eleanor Misto, his wife, or the survivor of them, free of the reservation, limitation, and restriction of said trust for the benefit of Michael Misto and Helen Misto.

"5. The trust herein created shall not be liable to the execution or other process or seizure or in any way liable for any debts of the said beneficiaries, Michael Misto or Helen Misto.

"6. The premises held by the Trustees shall not be liable for execution or other process against the Trustees, & the said Trustees shall not have the power during the lifetime of Michael Misto and Helen Misto, the beneficiaries, to sell, pledge, mortgage, or in any manner encumber the premises during the lifetime of the said beneficiaries or the survivor of them.

"And the said Susan R. Misto, executrix of the Last Will and Testament of the said Stephen (Stefan) Misto, deceased, the grantor and settlor herein, does

438

covenant, promise, and agree to and with the said Stephen P. Misto and Eleanor Misto, his wife, their heirs and assigns, by these Presents, that she, the said executrix of the Last Will and Testament of the said Stephen (Stefan) Misto, deceased, has not done, committed, or knowingly, or willingly suffered to be done, committed any act, matter or thing whatsoever, whereby the premises hereby granted, or any part thereof, is, are, shall, or may be impeached, charged, or encumbered, in title, charge, estate, or otherwise howsoever.

"IN WITNESS WHEREOF, the said grantor and settlor has hereunto set her hand and seal, the day and year above written.

In the Presence of:

Martin J. O'Donnell

> Susan R. Misto   (SEAL)
> Susan R. Misto, Executrix of the Last Will and Testament of Stephen (Stefan) Misto, deceased.
> GRANTOR & SETTLOR

THE Trustees, Stephen P. Misto and Eleanor Misto, accept the conveyance to them of the premises described in this indenture, subject to the terms of the trust set forth herein, and agree to act as trustees and to carry out the purposes of the trust in accordance with the provisions set forth.

In the presence of:

Marie Grega

> Stephan Misto   (SEAL)
> Stephen P. Misto
> Eleanor Misto   (SEAL)
> Eleanor Misto
> GRANTEES &
> TRUSTEES"

Since the death of this decedent occured prior to the effective date of the Fiduciaries Act of April 18, 1949, P. L. 512, the executor's authority to convey must be

founded upon the terms of decedent's will. Item II thereof forbade a sale thereof until the death of the survivor of two children of decedent for whom decedent was solicitous. Only "in case of necessity" did decedent authorize such a sale in item IV of the will and then only for "proceeds", after giving a "deed in fee simple". No authority to sell is given in any other manner, and decedent's plan, if executed, lends itself to a practicable review by the court, that is, was the sale price, the proceeds, fair and reasonable, and was a fee simple deed given. The executrix did not follow decedent's instructions, but chose, instead, to convey part of decedent's real estate, a half of his double dwelling, in trust, and not for cash proceeds, but for an obligation on the part of the grantees to support the two children for whom decedent sought to provide maintenance. The executrix's plan was a complicated one and with no normal standards to guide the court in passing upon its fairness. Since obligation to support these two children would terminate upon the death of these children, which could happen in a few days or in a few years, certainly the residuary devisees and legatees had a right to have this sale reviewed, because they would receive any unconsumed balance.

We emphasize again, as we did in our decision in the Bennet Estate, 18 D. & C. 2d 595, at page 607 (1959):

"We emphasize that trustees must follow these statutory procedures, or others, such as petitions for declaratory judgment, in order to get protective decrees from this court. It is for that reason that our new court rules strictly prohibit the register of wills and the clerk of the orphans' court from accepting fiduciaries' accounts unless they are accompanied by petitions for distribution or adjudication and the other accompanying statements, which must, in the proper sections, bring to the attention of the court those matters upon

which the trustees want the court to comment, or the particular use of the funds which must be adjudicated."

In the instant case, the executrix apparently made quick reference to her sale of this half of the double dwelling under this complicated trust for the maintenance of these two children in her first and partial account, but did not bring it to the attention of the court in any way, not in the account, nor by referral in the petition for adjudication requesting the court to pass upon it. Hence, this sale was given no study nor attention at that time, thus providing no protection to the executrix. Only when fiduciaries specifically bring such matters to the attention of the court and request rulings thereon do they receive the protective advice and rulings of this court.

We find that the executrix had no authority to convey any part of decedent's real estate in the manner she chose, by a complicated deed in exchange for a covenant of the buyers to maintain decedent's two children. As pointed out by the objectors, even the new trust set up by the executrix could be revoked under its own terms, and the present representatives, who have been appointed to succeed the executrix, now deceased, chose to revoke said new trust. Such revocation is not necessary, however, because we hereby declare the action of the executrix in executing the deed referred to in this decision to be void and of no effect, thus leaving the title thereto in the personal representatives of said estate for further administration under the terms of decedent's will. The duties conferred upon the original executrix were, in fact, those of a trustee; upon the death of said executrix, Susan R. Misto, said duties, and the title to all of the real estate, now devolve upon the administratrices d.b.n.c.t.a., namely Margaret R. Petrusky and Mary Kalanevich, who hold title, as such trustees, to all the real estate formerly of Stephen (Stefan) Misto, including the title to the

premises known as 129 Ridge Street, Freeland, since we have declared the attempted conveyance thereof by the deed dated April 14, 1955, and recorded in Deed Book vol. 1270, p. 583, void.

Further, it having been agreed that no rent would be requested from Stephen P. Misto and his wife for their occupancy of this property since April 14, 1955, in exchange for their efforts and expenses in maintaining decedent's two children, the objections filed to the second and partial account are hereby dismissed, since they pertain mainly to credits taken for repairs to said property, now declared to be property properly held by the trustees who had a right to make such repairs and charge them to the trust estate. Since the account as filed shows a deficit, it will be confirmed and there will be no necessity for the filing of a report of audit thereon.